## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **TANGRAM REHABILITATION NETWORK, INC.** | **PLAINTIFF** |
| v. | No. 3:20-cv-804-BJB-CHL |
| **SABRA HEALTH CARE REIT, INC.; SABRA TEXAS HOLDINGS, L.P.** | **DEFENDANTS** |

\*\*\*

### MEMORANDUM OPINION & ORDER

Tangram Rehabilitation Network, Inc. sought to renew its lease of four healthcare facilities with Sabra Healthcare REIT, Inc. and Sabra Texas Holdings, L.P. (Sabra). Amended Complaint (DN 26) ¶ 20. Under the lease, Tangram would pay rent based on the property's fair market value for the third term of five years. Lease (DN 26-1) at 28. If the parties couldn't agree on the fair market value, the lease called on an appraisal process to determine it: each side selected an appraiser, who would "conside[r] the strengths and weaknesses" of three potential valuation approaches described in the lease: Cost, Sales Comparison, and Income approaches. *Id.* at 62–63. Tangram and Sabra each retained appraisers—Valbridge and Valuation & Information Group, respectively. Am. Compl ¶ 21. Tangram's appraisal valued the rent at only $219,900, while Sabra's concluded it was $1,386,000. ¶¶ 23–25. So the parties picked a third appraiser—JLL—to resolve the discrepancy in accordance with the lease provision. ¶¶ 26–29. JLL's valuation of $1,230,000 resembled VIG's, meaning rent would be $1,308,000. ¶¶ 28, 30 (the appraisal provision excluded the outlier valuation and split the difference between the other two).

Tangram, objecting to the valuation of both VIG and JLL, filed this lawsuit seeking to set aside the appraisal. The Amended Complaint seeks a declaration that VIG and JLL did not "consider" the designated valuation methods, requiring a new appraisal and any excess rent to be returned. ¶¶ 24, 28, 31–35; Lease at 63. Tangram also alleges the Defendants breached the lease's confidentiality provision by disclosing (to the appraisers) Tangram's financial statements without consent. Am. Compl. ¶¶ 36–41; Lease at 30. Sabra moved to dismiss on the grounds that the appraisers *did* consider the three approaches, consistent with the lease, and that its handling of the Tangram financial information did not breach the confidentiality provision. Motion to Dismiss (DN 29).

1

To survive a motion to dismiss, a claim must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The claim must contain "either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quotation marks omitted). Courts accept factual allegations, but not legal conclusions, as true. *Iqbal*, 556 U.S. at 678.

**1. Declaratory Judgment Request.** The parties agree that Texas law recognizes three bases on which a party may challenge an appraisal award, and also that this case implicates only one of them. *See* MTD at 9; Tangram's Response (DN 34) at 8. Parties may disregard an appraisal if it "was not made in substantial compliance with the terms of the contract." *Gardner v. State Farm Lloyds*, 76 S.W.3d 140, 142 (Tex. App. 2002).

Tangram alleges the VIG and JLL appraisals "did not comply with, follow and/or honor the lease's appraisal process[.]" Am. Compl. ¶ 34. The lease requires a "process of review and reconciliation," during which "the appraiser considers the strengths and weaknesses of each [of the three listed] approach[es]." Lease at 63. According to Tangram, "VIG affirmatively refused to consider the Cost and the Income approaches," while "JLL prepared its appraisal report unequivocally ignoring the three approaches." Am. Compl ¶¶ 24, 28. Sabra moved to dismiss this claim as implausible, insisting that the appraisal process complied with the lease because the appraisers "considered all three valuation approaches." Reply (DN 37) at 6–11; *see also* MTD at 17. But Sabra does not explain why, assuming (as we must) that Tangram is right about the appraisal, the terms of the lease allow an appraisal that ignored two of three methods. Maybe Sabra is right that the appraisers *did not in fact* ignore these methods. MTD at 9–14. But this is a factual disagreement with the Complaint better suited for summary judgment than a ruling as a matter of law. The Court therefore lacks any basis to dismiss Tangram's first claim at the pleading stage.

**2. Breach of Contract.** Tangram also asserts Sabra breached the lease's nondisclosure provision by sharing Tangram's confidential financial information with the appraisers. Sabra received this information, explains Tangram, without consent and under a specific provision that authorized third-party disclosure for only one specific reason: the use by Sabra's bankers. Am. Compl. ¶ 40 (citing Lease § 15.3.4.). Yet Sabra nevertheless disclosed the information to others—and in a way that Tangram says infected the appraisal process. ¶ 25 ("Absent Tangram's financial statements … VIG's analysis and conclusion would have been markedly different."), ¶ 29 (similar allegation regarding JLL).

2

A breach-of-contract claim under Texas law includes four elements: (1) "a valid contract"; (2) "the plaintiff performed or tendered performance"; (3) "the defendant breached the contract"; and (4) "the plaintiff was damaged as a result of the breach." *Brooks v. Excellence Mortg. Ltd.*, 486 S.W.3d 29, 36 (Tex. App. 2015) (quoting *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, 138 S.W.3d 24, 27 (Tex. App. 2004)).

Sabra doesn't contest the first three elements. It contends only that Tangram suffered no damages from any breach because the financial statements did not affect the appraisals, even if Tangram's allegations of disclosure are true. MTD at 14–16. But Texas law awards nominal damages for a breach of contract. *See, e.g., MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 664 (Tex. 2009). Furthermore, Tangram alleges it suffered "damages in the form of excessive rent" because of Sabra's disclosure of the financial statements. Am. Compl. ¶ 41. Because Tangram plausibly alleges the damages and other elements of its breach claim, the Court cannot dismiss it on the pleadings.

## ORDER

The Court denies the Defendant's motion to dismiss (DN 29).

Benjamin Beaton, District Judge
United States District Court

March 21, 2022